UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| **RICKY ESCOBEDO,** #89282-380 | § § § | |
| Movant, | § § | |
| v. | § § | SA-24-CV-169-XR SA-17-CR-391-XR-10 |
| **UNITED STATES OF AMERICA,** | § § | |
| Respondent. | § § | |

## ORDER

Before the Court is Movant Ricky Escobedo's *pro se* Motion pursuant to 28 U.S.C. § 2255 ("Section 2255 Motion") to vacate, set aside, or correct sentence and supporting Memorandum (ECF Nos. 2590 & 2597); the Government's Sealed Response in opposition thereto (ECF No. 2613); and Escobedo's Reply. (ECF No. 2633). For the following reasons, the Section 2255 Motion is **DENIED**.

## BACKGROUND

Escobedo's conviction arises from his participation in the drug distribution and racketeering activities of the San Antonio-based Texas Mexican Mafia (TMM), of which Escobedo was a ranking member.[1] An investigation that utilized surveillance, court-authorized wire intercepts, cooperating source information, and evidence seized via search warrants revealed that TMM associates were involved in an elaborate and sophisticated conspiracy to distribute narcotics, control narcotics distribution within defined territories, and collect drug proceeds for members and a "tax" called the "dime" from non-members trafficking drugs within the TMM's claimed territory.

---

[1] The factual background is derived from the Pre-Sentence Investigation Report (PSR). (ECF No. 1860).

1

TMM members sourced narcotics from each other and ultimately from international Mexican drug cartels.

Ricky Escobedo was a TMM "carnal" during the entire conspiracy period and held the position of "Northside Sergeant" from approximately March 2017 to May 19, 2017. He also previously held a ranking position on the "Southside." As a carnal, Escobedo participated in enforcement operations in support of the TMM and the collection of the dime and was also involved in the trafficking of multi-kilogram quantities of narcotics.

In a series of indictments, a federal grand jury charged Escobedo and thirty-six co-defendants with crimes relating to their involvement in the TMM from January 1, 2015, to May 19, 2017. (ECF Nos. 3, 402, 1052, 1273). The Third Superseding Indictment charged Escobedo with: (1) conspiracy to interfere with commerce by threats or violence (Hobbs Act conspiracy), in violation of 18 U.S.C. § 1951 (Count One); (2) conspiracy to distribute and possess with intent to distribute 500 grams or more of a mixture or substance containing a detectable amount of methamphetamine, five kilograms or more of cocaine, and one kilogram or more of a mixture or substance containing a detectable amount of heroin, in violation of 21 U.S.C. §§ 841(a)(1), 841 (b)(1)(A) & 846 (Count Two); possession with intent to distribute a mixture or substance containing a detectable amount of cocaine, in violation of 21 U.S.C. §§ 841(a)(1) & 841(b)(1)(C) (Count Eleven); possession of a firearm in furtherance of drug-trafficking crimes, in violation of 18 U.S.C. § 924(c)(1)(A)(i) (Count Twelve); felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1) & 924(a)(2) (Count Thirteen); and conspiracy to possess firearms in furtherance of drug-trafficking, in violation of 18 U.S.C. §§ 924(c)(1) & (o) (Count Twenty-One). (ECF No. 1273).

On May 19, 2017, after the grand jury returned the original Indictment, the Magistrate Judge appointed attorney Jeffrey Mulliner to represent Escobedo. (ECF No. 139). On March 16, 2018, Mulliner filed a motion to suppress on Escobedo's behalf. (ECF No. 777). The motion sought to suppress evidence "due to illegal wiretapping and/or was not the intended target" and broadly alleged that Escobedo's "detention and subsequent arrest were illegal and in violation of the Fourth, Fifth, and Fourteenth Amendments of the United States Constitution and Chapter 13 of the Texas Code of Criminal Procedure." (*Id.* at 2).

The motion sought suppression of 1) [a]ll tangible evidence seized by law enforcement officers or others in connection with [Escobedo's] detention and arrest in this case; 2) [a]ll written and oral statements made by [Escobedo] to any law enforcement officers or others in connection with this case; 3) [t]estimony of law enforcement officers or others concerning any actions of [Escobedo] while under detention or arrest in connection with this case; and 4) [t]estimony of law enforcement officers o[r] others concerning the tangible evidence or statements to which reference was made above. (*Id.* at 1-2). The suppression motion did not allege any specific facts or circumstances regarding the purported illegality of the wiretapping in this case or Escobedo's detention and arrest which, if proven, would justify relief.

In response to the suppression motion, the Government argued that the motion was untimely and conclusory and failed to establish any facts that would support suppression of evidence. (ECF No. 822). The Court set the suppression motion for a hearing on April 3, 2018; however, prior to the hearing, counsel for the Government filed an agreed motion to abate the motion to suppress. (ECF Nos. 786, 812, & 820). Counsel informed the Court that the hearing scheduled for April 3 was not necessary because the parties needed more time to confer about a

3

possible resolution of the case. The Court granted the agreed motion to abate via text order and instructed defense counsel to notify the Court if the parties were unable to resolve their dispute.

On April 20, 2018, Escobedo filed a *pro se* motion to withdraw Mulliner as counsel citing Mulliner's purported failure to timely file a properly supported suppression motion and failure to properly communicate with Escobedo. (ECF Nos. 892 & 1946). Following a hearing, the Magistrate Judge granted the motion and appointed Attorney Thomas Basil Beck to represent Escobedo.[2] (ECF Nos. 954 & 1946). On June 11, 2018, Mr. Beck moved to withdraw due to his inability to continue the appointment, and the Magistrate Judge appointed Attorney John J. Ritenour to represent Escobedo. (ECF Nos. 1109, 1115, 1117, & 1118).

On August 4, 2018, Mr. Ritenour filed a motion to withdraw the pending suppression motion. (ECF No. 1144). Mr. Ritenour explained that he was not prepared to litigate the motion "at this point" because he "has not completed review of the discovery he received from previous counsel, nor has he yet received wh[a]t he understands is another 1TB of discovery he has requested." (*Id.*). The Court granted Mr. Ritenour's request and removed the motion from the docket. (ECF No. 1146).

Thereafter, Escobedo filed an unauthorized *pro se* suppression motion. (ECF No. 1202). Escobedo included a letter to the Court alleging that Mr. Ritenour failed to properly communicate with him and failed to investigate suppression issues. The Court denied the unauthorized motion via text order because Escobedo was represented by counsel. The Court noted, however, that the case was continued to allow the attorneys more time to review discovery and, if appropriate, file any pretrial motions.

---

[2] The Magistrate Judge made no finding regarding counsel's performance.

Escobedo proceeded to trial on the Third Superseding Indictment in June 2019, represented by Mr. Ritenour. A jury found him guilty of all counts. Following Escobedo's trial, Mr. Ritenour filed a joint motion to withdraw as counsel based on a breakdown of the attorney-client relationship. (ECF No. 1537). The Magistrate Judge granted the motion and appointed Attorney Shannon Willis Locke to represent Escobedo in connection with his sentencing. (ECF No. 1555).

The Court sentenced Escobedo to a total term of imprisonment of 300 months, a total five-year term of supervised release, and a $600.00 special monetary assessment. (ECF No. 1873). Escobedo appealed his convictions, and the Fifth Circuit Court of Appeals affirmed this Court's judgment. (ECF No. 2417).

Escobedo timely filed the pending Section 2255 Motion and supporting Memorandum. (ECF Nos. 2590 & 2597). In the 2255 Motion, Escobedo asserts three grounds for relief. First, he alleges that Mr. Ritenour rendered ineffective assistance for withdrawing the pending suppression motion and failing to timely seek suppression of the evidence. Second, Escobedo asserts that Mr. Ritenour rendered ineffective assistance at trial for failing to object to the Court adopting the Government's jury instructions and failing to object to the Court's instruction in response to a note the jury sent during deliberations. Third, Escobedo argues that his conviction for felon in possession of a firearm is unconstitutional after the Supreme Court's decision in *New York State Rifle & Pistol Ass'n, Inc. v. Bruen,* 597 U.S. 1 (2022).

The Government filed a sealed Response in opposition to the 2255 Motion. (ECF No. 2613). The Government's Response does not include an affidavit from Mr. Ritenour responding to Escobedo's allegations. Thereafter, Escobedo filed a timely Reply. (ECF No. 2633).

## APPLICABLE LAW

A federal defendant may move to vacate, set aside, or correct his sentence if: (1) the imposition of the sentence was in violation of the Constitution or the laws of the United States; (2) the District Court that imposed the sentence lacked jurisdiction; (3) the sentence imposed was in excess of the maximum authorized by law; or (4) the sentence is otherwise subject to collateral attack. 28 U.S.C. § 2255; *United States v. Placente*, 81 F.3d 555, 558 (5th Cir. 1996). Thus, § 2255 post-conviction relief is reserved for errors of constitutional dimension and other injuries that could not have been raised on direct appeal and, if left unaddressed, would result in a complete miscarriage of justice. *See, e.g., United States v. Cervantes*, 132 F.3d 1106, 1109 (5th Cir. 1998); *United States v. Payne*, 99 F.3d 1273, 1281 (5th Cir. 1996).

The Sixth Amendment of the United States Constitution guarantees criminal defendants the right to the effective assistance of counsel. *Strickland v. Washington*, 466 U.S. 668, 669 (1984). To successfully state a claim of ineffective assistance of counsel under *Strickland*, a prisoner must demonstrate counsel's performance was deficient and the deficient performance prejudiced his defense. *Id.* at 687. The failure to establish either prong of the *Strickland* test requires a finding that counsel's performance was constitutionally effective. *Id.* at 696.

The proper standard for attorney performance is that of reasonably effective assistance. *Id.* at 688. When a convicted defendant complains of the ineffectiveness of counsel's assistance, the defendant must show that, considering all the circumstances, counsel's representation fell below an objective standard of reasonableness. *Id.* A fair assessment of attorney performance requires that every effort be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time. *Id.* at 687-89. To determine whether counsel's performance was

constitutionally deficient, courts "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable assistance." *Id.* at 689. An attorney's strategic choices, usually based on information supplied by defendant and from a thorough examination of relevant facts and law, are virtually unchallengeable. *Jones v. Jones*, 163 F.3d 285, 300 (5th Cir. 1998).

To demonstrate prejudice, the prisoner must demonstrate a reasonable probability that but for counsel's errors the result of the proceeding would have been different. *Strickland*, 466 U.S. at 694. A reasonable probability is that which renders the proceeding unfair or unreliable, i.e., undermines confidence in its outcome. *Lockhart v. Fretwell*, 506 U.S. 364, 369 (1993).

In the context of a trial "[a] conscious and informed decision on trial tactics and strategy cannot be the basis for constitutionally ineffective assistance of counsel unless it is so ill chosen that it permeates the entire trial with obvious unfairness." *Garland v. Maggio*, 717 F.2d 199, 206 (5th Cir. 1983). We will not find inadequate representation merely because, with the benefit of hindsight, we disagree with counsel's strategic choices. *Strickland*, 466 U.S. at 689-90. A petitioner must demonstrate that counsel's errors were "so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." *United States v. Willis*, 273 F.3d 592, 598 (5th Cir. 2001) (quoting *Strickland*, 466 U.S. at 687). "Thus, an analysis focusing solely on mere outcome determination, without attention to whether the result of the proceeding was fundamentally unfair or reliable, is defective." *Willis*, 273 F.3d at 598 (quoting *Lockhart*, 506 U.S. at 369).

## DISCUSSION

### 1. Ineffective assistance of counsel – suppression

In his first ground for relief, Escobedo asserts that Mr. Ritenour rendered ineffective assistance for withdrawing the suppression motion held in abatement by agreement of both parties without conferring with Escobedo and failing to timely move for suppression following

Escobedo's arraignment on the Third Superseding Indictment. Escobedo asserts that, had counsel filed a timely and properly developed suppression motion, there "exists a reasonable probability that he would have prevailed at the suppression hearing," and "the fruits of the searches and arrest would have been suppressed and unavailable to the [Government] as evidence, leaving [the Government] without sufficient evidence to secure a conviction." (ECF No. 2597 at 10).[3]

A claim of ineffective assistance of counsel based on a failure to raise a motion to suppress is governed by the *Strickland* test. As required by the first prong of *Strickland*, Escobedo must show that counsel's failure to file a suppression motion fell "outside the wide range of professionally competent assistance" considering all the circumstances at the time of trial counsel's conduct. *Strickland*, 466 U.S. at 690.

Moreover, because trial counsel's failure to raise a Fourth Amendment claim is at issue, Escobedo "must also prove that his Fourth Amendment claim is meritorious and that there is a reasonable probability that the verdict would have been different absent the excludable evidence in order to demonstrate actual prejudice." *Kimmelman v. Morrison*, 477 U.S. 365, 375 (1986).

Escobedo fails to carry his burden because he fails to allege any facts and circumstances demonstrating that a suppression motion would have been potentially meritorious. *See Coon v. United States*, 441 F.2d 279, 280 (5th Cir. 1971) ("A movant in a collateral attack upon a judgment has the burden to allege and prove facts which would entitle him to relief."). Escobedo simply alleges that he would have had a reasonable probability of prevailing had counsel filed a properly developed suppression motion, which would have left the Government without sufficient evidence

---

[3] Escobedo also states that he "reserves the right to supplement this argument once the court provides him with access to the trial transcript and discovery as necessary in this proceeding." (*Id.*). The transcripts in this case remain sealed pursuant to a sealed protective order. (ECF No. 1107). Escobedo has not shown good cause for unsealing the transcripts. Moreover, he has failed to seek leave of Court to obtain discovery pursuant to Rule 6 of the Rules Governing Section 2255 Proceedings for the United States District Courts.

to secure a conviction. This conclusory allegation is insufficient to obtain relief. *See Miller v. Johnson*, 200 F.3d 274, 282 (5th Cir. 2000) (holding that "conclusory allegations of ineffective assistance of counsel do not raise a constitutional issue in a federal habeas proceeding"). Escobedo vaguely asserts that "at least some of the potentially meritorious bases for suppression in this case" were raised in the improper *pro se* suppression motion he filed in connection with his criminal case. (ECF No. 2597 at 9). However, he fails to articulate any potentially meritorious arguments for suppression in the present Section 2255 Motion.

Moreover, as the Government points out in its Response, Escobedo was arrested pursuant to a warrant issued after a federal grand jury returned an indictment based on a finding of probable cause. The telephone interceptions utilized in the investigation were conducted pursuant to a court order. Escobedo's home was searched pursuant to a federal search warrant after a finding of probable cause. Escobedo asserts no facts that, if proven, demonstrate an illegal search or seizure.

Although the Court does not have the benefit of an affidavit from Mr. Ritenour explaining his reasons for foregoing a suppression motion, in the absence of any factual allegations demonstrating a constitutional violation, Escobedo has failed to demonstrate that counsel's performance was deficient or that he was prejudiced as a result. Accordingly, Escobedo fails to demonstrate that counsel rendered ineffective assistance under *Strickland*.

### 2. Ineffective assistance of counsel at trial

Escobedo further alleges that counsel rendered ineffective assistance at trial for failing to object when the Court "adopted" the Government's jury instructions. (ECF No. 2597 at 11). Escobedo alleges that the jury instructions constructively amended the indictment by broadening the counts contained therein, thus allowing the jury to convict him of unindicted crimes. Specifically, Escobedo asserts that the district court constructively amended Counts One, Eleven,

and Twelve because the jury instructions omitted any reference to the date ranges included in the indictment, as well as any reference to the overt acts cited in Count One or the specific gun cited in Count Eleven. Escobedo asserts that counsel's failure to object to the jury instructions constitutes deficient performance and that he was prejudiced as a result because had counsel objected, Escobedo would "have likely resulted in [] acquittal on at least some of the charges he faced." (*Id.* at 28).

This is the same claim Escobedo raised on direct appeal, now repackaged as a claim of ineffective assistance of counsel. The Fifth Circuit rejected this claim on appeal under plain error review:

> We presume that a jury has followed the instructions given by the district court. *United States v. Olano*, 507 U.S. 725, 740–41 (1993); *United States v. Isgar*, 739 F.3d 829, 841 n.39 (5th Cir. 2014); *see also United States v. Brown*, 616 F.2d 844, 846–48 (5th Cir. 1980) (holding no plain error where the district court instructed jury that the Government was required to prove that defendant committed the financial crime "as charged" in the indictment). Here, the written jury charge expressly noted that even though the indictment alleged that "the offenses were committed on or about a specified date or date range," the Government did not have to prove that the offense was "committed on that exact date" as long as it proved "beyond a reasonable doubt that the defendant committed the crime on a date reasonably near the date stated in the indictment." The jury charge further instructed that Escobedo was "not on trial for any act, conduct, or offense not alleged in the indictment." Moreover, prior to reading the charges to the jury, the district court confirmed that each juror had a copy of the indictment readily available. Presuming, as we are required to do, that the jury followed its instructions, it could not have convicted Escobedo of anything other than the offenses "as charged" in the indictment. *See Olano*, 507 U.S. at 740–41; *Brown*, 616 F.2d at 846–48.

(ECF No. 2417 at 5). The Court of Appeals further held that despite Escobedo's focus on the limited testimony detailing activities occurring outside the timeframe specified in the indictment, the Government presented ample evidence by which the jury could convict Escobedo on Counts One and Eleven. Similarly, the Government presented sufficient evidence by which the jury could convict Escobedo on Count Twelve. The Fifth Circuit concluded that Escobedo failed to

10

demonstrate that his substantial rights were affected simply because the jury heard evidence regarding some criminal activity that occurred in 2007 and evidence of other firearms (particularly given that the other firearms evidence was relevant to Count Twenty-One).

Because Escobedo fails to demonstrate that the Court's jury instructions impermissibly amended the indictment, he fails to establish that trial counsel had sufficient grounds for making an objection or a reasonable probability that the Court would have granted the objection. Moreover, because the jury convicted him of the offenses charged based on substantial evidence, he fails to demonstrate that an objection to the jury instructions, even if granted, would have changed the outcome of the proceedings. Accordingly, Escobedo fails to demonstrate deficient performance or prejudice under *Strickland*.

As a final challenge to counsel's performance, Escobedo asserts that counsel was constitutionally deficient for failing to object to this Court's "unclear and misleading response to the jury's note during deliberations." (ECF No. 2597 at 27). During deliberations, the jury sent a note that read: "[W]e are having difficulties regarding the definition of conspiracy. In order to be found guilty of Count 1, is it necessary to have evidence that the defendant actually used force (or threatened to) or is it sufficient that they are members of an organization that is known to use force (or threat of force)?" (ECF No. 1404). The Court drafted the following response:

> I am in receipt of your note, a copy of which is attached.
>
> With regard to Count One, as instructed on page eleven of the Court's Instructions to the Jury, you must find that two or more persons reached an agreement to obtain property from another with that person's consent by the wrongful use of actual or threatened force, violence, or fear, which obstructed, delayed, or affected commerce.
>
> If you find that two or more persons conspired to obtain property from another with that person's consent by the wrongful use of actual or threatened force, violence, or fear, which obstructed, delayed, or affected commerce, and you also find that a

> Defendant in this case joined in this conspiracy, then the above element is satisfied as to that Defendant.
>
> It is not necessary for you to find that a Defendant in the case before you used or threatened wrongful force, violence, or fear.
>
> Please continue your deliberations.

(ECF No. 1405). The Court recited its response to the note on the record and solicited objections, comments, or editing from either party. (ECF No. 1628 at 3). There were no objections.

The district court enjoys wide latitude in deciding how to respond to questions from a jury *United States v. Cantu*, 185 F.3d 298, 305 (5th Cir. 1999). Overall, a court's response should be "reasonably responsive to the jury's questions," and "the original and supplemental instructions as a whole [should] allow[] the jury to understand the issue presented to it." *Id.*

This Court's response to the jury note tracks the elements of the Fifth Circuit Pattern Jury Charge on conspiracy (5th Cir. P.J.C. 2.15) and extortion by force, violence, or fear (5th Cir. P.J.C. 2.73A). It is well-settled that a district court does not err by giving a charge that tracks this Circuit's pattern jury instructions and that is a correct statement of the law. *United States v. Whitfield*, 590 F.3d 325, 354 (5th Cir. 2009) (citation omitted). Moreover, the response tracked the language of the Court's jury instructions, which the Fifth Circuit determined properly charged the jury as to the offenses in the indictment. *See* ECF No. 2417 at 5 ("Presuming, as we are required to do, that the jury followed its instructions, it could not have convicted Escobedo of anything other than the offenses 'as charged' in the indictment.").

Escobedo does not articulate in what way the Court's response was unclear or misleading. Accordingly, Escobedo fails to establish that counsel was deficient for not objecting to the Court's response or that he was prejudiced by counsel's failure to object. Because Escobedo fails to

establish deficient performance or prejudice, his claim that counsel rendered ineffective assistance for failing to object to the Court's response to the jury question also fails under *Strickland*.

### 3. *Bruen* claim

In his final ground for relief, Escobedo asserts that his Count Thirteen conviction for felon in possession of a firearm in violation of 18 U.S.C. §§ 922(g)(1) is unconstitutional in light of the Supreme Court's *Bruen* decision.

In response, the Government argues that Escobedo is procedurally defaulted from raising this challenge in the present Section 2255 Motion because he cannot show prejudice or actual innocence. The Government further argues that *Bruen* did not overturn existing Fifth Circuit precedent holding that restrictions prohibiting convicted felons from possessing firearms do not violate the Second Amendment.

"Where the petitioner . . . failed properly to raise his claim on direct review, the writ is available only if the petitioner establishes 'cause' for the waiver and shows 'actual prejudice.' " *Reed v. Farley*, 512 U.S. 339, 354 (1994). Movant failed to raise this claim at trial or on direct review. Because he has not shown cause for the waiver or actual prejudice, he is procedurally defaulted from raising this challenge in this Section 2255 motion.

Furthermore, the *Bruen* Court described the petitioners as "two *ordinary, law-abiding, adult citizens* [who] were part of 'the people' . . . the Second Amendment protects." *Bruen*, 597 U.S. at 31–32 (emphasis added). It explained that "[w]hen the Second Amendment's plain text covers an individual's conduct, the Constitution presumptively protects that conduct." *Id.* at 17. "The government must then justify its regulation by demonstrating that it is consistent with the Nation's historical tradition of firearm regulation." *Id.* Only if the Government meets its burden "may a court conclude that the individual's conduct falls outside the Second Amendment's

unqualified command." *Id.* (internal quotation marks and citation omitted). In his concurring opinion in *Bruen*, Justice Kavanaugh—quoting *District of Columbia v. Heller*, 554 U.S. 570, 626–27 (2008), and *McDonald v. Chicago*, 561 U.S. 742, 786 (2010)—made it clear that "nothing in our opinion should be taken to cast doubt on longstanding prohibitions on the possession of firearms by felons and the mentally ill." *Id.* at 81 (Kavanaugh, J., concurring) (internal quotation marks omitted).

Before *Bruen*, the Fifth Circuit held that § 922(g)(1)—which makes it unlawful for any convicted felon to possess a firearm—did not violate the Second Amendment. *United States v. Darrington*, 351 F.3d 632, 633–34 (5th Cir. 2003); *see also United States v. Jeffery*, No. 21-437, 2023 WL 4629556, at *3 (W.D. Tex. July 19, 2023) (concluding "that this Court is bound by a well-established line of Fifth Circuit precedent on Section 922(g)(1) that does not directly conflict with *Bruen*" and "is required to adhere to that precedent until the Fifth Circuit or Supreme Court dictate otherwise").

Escobedo was a felon and not an ordinary, law-abiding, adult citizen. He cannot meet his burden of showing that *Bruen* undermines the constitutionality of his conviction for felon in possession of a firearm in violation of § 922(g)(1). He is not entitled to relief on this claim under Section 2255.

## EVIDENTIARY HEARING

An evidentiary hearing on a § 2255 motion is required "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b). A district court's decision not to hold an evidentiary hearing is reviewed for abuse of discretion. *United States v. Edwards*, 442 F.3d 258, 264 (5th Cir. 2006) (quoting *Cervantes*, 132

F.3d at 1110). Because the issues presented in this case can be resolved on the basis of the record, the Court finds an evidentiary hearing is not required.

## CONCLUSION

Escobedo fails to demonstrate counsel was constitutionally ineffective under the *Strickland* standard. Moreover, Escobedo is not entitled to relief under *Bruen*. Accordingly, Escobedo's Section 2255 Motion is denied.

## CERTIFICATE OF APPEALABILITY

An appeal may not be taken to the court of appeals from a final order in a proceeding under § 2255 "unless a circuit justice or judge issues a certificate of appealability." 28 U.S.C. § 2253(c)(1)(A). Pursuant to Rule 11 of the Federal Rules Governing Section 2255 Proceedings, the District Court must issue or deny a certificate of appealability when it enters a final order adverse to the movant.

A certificate of appealability may issue only if a movant has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). The Supreme Court fully explained the requirement associated with a "substantial showing of the denial of a constitutional right" in *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). In cases where the Court rejects a movant's constitutional claims on the merits, "the [movant] must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Id.*

In this case, reasonable jurists could not debate the denial of Escobedo's § 2255 motion on substantive or procedural grounds, nor find that the issues presented are adequate to deserve encouragement to proceed. *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003) (citing *Slack*, 529 U.S. at 484). Thus, a certificate of appealability shall not be issued.

Accordingly,

**IT IS ORDERED** that Movant Ricky Escobedo's Motion to Vacate, Set Aside, or Correct Sentence Under 28 U.S.C. § 2255 (ECF No. 2590) is **DENIED**.

**IT IS FURTHER ORDERED** that all pending motions, if any, are **DISMISSED AS MOOT**, and this case is now **CLOSED**.

**FINALLY, IT IS ORDERED** that a certificate of appealability is **DENIED**.

**SIGNED** this 17th day of September, 2024.

_____
XAVIER RODRIGUEZ
UNITED STATES DISTRICT JUDGE